UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GRAY, | No. 2:24-cv-2401 DJC CSK P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| LUPE ALVAREZ (F.M.), et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. Plaintiff's motion for remand is before the Court. As discussed below, plaintiff's motion for remand should be granted.

I.  BACKGROUND

On September 3, 2024, defendant E. Martinez filed a notice of removal to federal court under 28 U.S.C. §§ 1441(a) and 1446, and a request for screening. (ECF No. 1.) In the notice, defendant E. Martinez acknowledged that other defendants were named, but stated that defendant E. Martinez was the only defendant served with the complaint, and was "informed and believes that the other named defendants will consent to removal once they are served." (ECF No. 1 at 2.) Removal is sought on the basis of federal question jurisdiction, 28 U.S.C. § 1331, because plaintiff alleges violations of 42 U.S.C. § 1983 (First Amendment freedom of religion) and 42 U.S.C. § 2000cc, et seq. (Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA").)

1

1         On September 30, 2024, plaintiff filed a motion to remand, objecting that all of the

2   properly served defendants did not timely join or consent to removal.  (ECF No. 4.)  Plaintiff

3   provided proofs of service of summons confirming that all four defendants were served summons

4   and complaints by the Sacramento County Sheriff's Civil Bureau by personal delivery to an

5   authorized agent of the California Department of Corrections and Rehabilitation ("CDCR") on

6   August 13, 2024.  (ECF No. 4 at 3, 7-10.)

7         On October 4, 2024, defendants S. McCambridge, M. Muslim, and G. Alvarez, incorrectly

8   sued as Lupe Alvarez, filed a notice of consent and joinder in defendant E. Martinez' notice of

9   removal and request for screening.  (ECF No. 7.)

10         On October 21, 2024, defendants filed an opposition to plaintiff's motion to remand, and

11   alternatively, defendants moved to file an amended notice of removal.  (ECF No. 8.)  Defendants

12   contend that defendants M. Muslim, G. Alvarez, and S. McCambridge did not have actual notice

13   of the service of process upon the CDCR and therefore did not request representation from the

14   Office of the Attorney General.  (Id. at 2.)  As a result, these three defendants did not join the

15   initial notice of removal filed by defendant E. Martinez.  (Id.)  Once it was learned that service

16   had been accepted by an authorized agent of the CDCR, defendants Muslim, Alvarez and

17   McCambridge cured this procedural defect by filing their notice of consent to and joinder in

18   defendant E. Martinez's notice of removal.  Defendants contend this issue is procedural, not

19   jurisdictional, it was curable, and argue their filing cured the procedural defect.  Defendants argue

20   that they will be prejudiced if the Court grants plaintiff's motion to remand because they have a

21   right to have their case heard in federal court, and they did not have actual notice of the service.

22   (Id.)  In the alternative, defendants seek leave to file an amended notice of removal.

23         On November 12, 2024, plaintiff filed an opposition to the consent and joinder by

24   defendants S. McCambridge, M. Muslim, E. Martinez, and G. Alvarez, and to defendants' motion

25   to file an amended notice of removal.  (ECF No. 9.)  Plaintiff contends that the issue is whether

26   defendants may cure defects in a notice of removal after the thirty day removal period has run,

27   and argues that because the thirty day deadline is statutory, it cannot be cured after the thirty day

28   deadline.  (Id.)  Plaintiff argues that the 2011 amendments to the removal statute "codified the

1   rule of unanimity," and therefore the 30 day deadline is now mandatory.  (Id.)

2   On November 25, 2024, defendants filed a reply to plaintiff's opposition.  (ECF No. 10.)
Defendants argue that once it was learned that service had been accepted by an authorized agent
at CDCR, defendants S. McCambridge, M. Muslim, and G. Alvarez cured this procedural defect
by filing their notice of consent to and joinder in defendant E. Martinez's notice of removal on
October 4, 2024.  (ECF No. 10 at 3.)  Defendants argue that they did not have actual notice of the
service of process on the CDCR and therefore did not request representation from the Office of
the Attorney General.  (Id.)

On March 20, 2025, defendants S. McCambridge, M. Muslim, and G. Alvarez were
ordered to file declarations attesting to the exact date each of them received actual notice of the
summons and complaint filed in this action.  (ECF No. 11.)  Defendants G. Alvarez and S.
McCambridge filed declarations on March 26, 2025.  (ECF No. 13.)  Following an extension of
time, defendant M. Muslim filed a declaration on April 2, 2025.  (ECF No. 15.)

II.   GOVERNING STANDARDS

Generally, a defendant may remove a case from state court to the federal district court that
has original subject matter jurisdiction over the case.  28 U.S.C. § 1441(a).  But jurisdiction "must
be remedied if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles,
Inc., 980 F.2d 564, 566 (9th Cir. 1992).  "In general, removal statutes are strictly construed
against removal . . . and any doubt is resolved against removability."  See Luther v. Countrywide
Home Loans Servicing, LP, 533 F.3d 1031, 1034 (9th Cir. 2008).  "[T]he burden of establishing
federal jurisdiction falls to the party invoking the statute."  California ex rel. Lockyer v. Dynegy,
Inc., 375 F.3d 831, 838 (9th Cir. 2004).

"[A]ll defendants who have been properly joined and served must join in or consent to the
removal of the action."  28 U.S.C. § 1446(b)(2)(A).  Each defendant has "30 days after receipt by
or service on that defendant of the initial pleading or summons . . . to file the notice of removal."
28 U.S.C. § 1446(b)(2)(B).  The failure to join or obtain consent from all proper defendants is a
procedural defect.  Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).  A
motion to remand based on a procedural defect must be made within 30 days of removal.

3

1   28 U.S.C. § 1447(c).  If not, the procedural defect can be waived by failure to make timely
2   objections.  Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1065 (9th Cir. 1979).
3   III.    DISCUSSION
4           A.    Defendant E. Martinez's Notice of Removal
5           The notice of removal filed by defendant E. Martinez on September 3, 2024 was filed
6   within thirty days from the August 13, 2024 date of service on an authorized agent at CDCR, and
7   therefore was timely filed.
8           B.    Plaintiff's Motion for Remand
9           Plaintiff filed his motion to remand on September 30, 2024, within thirty days after the
10  September 3, 2024 notice of removal.  Thus, plaintiff's motion to remand is timely.
11          C.    October 4, 2024 Consent and Joinder
12           Plaintiff argues that the consent and joinder by defendants S. McCambridge, M. Muslim,
13  and G. Alvarez was untimely under 28 U.S.C. § 1442(a)(1) because it was filed more than 30
14  days after service of process.  The timeliness of removals under 28 U.S.C. § 1442 is governed by
15  28 U.S.C. § 1446(b).  See Blumberger v. Tilley, 115 F.4th 1113, 1121-22 (9th Cir. 2024).  "[A]ll
16  defendants who have been properly joined and served must join in or consent to the removal of
17  the action." 28 U.S.C. § 1446(b)(2)(A).  Each defendant has "30 days after receipt by or service
18  on that defendant of the initial pleading or summons . . . to file the notice of removal."  28 U.S.C.
19  § 1446(b)(2)(B).  These "time limits . . . are mandatory," and a "timely objection to a late petition
20  will defeat removal."  Palmeira v. CIT Bank, N.A., 2017 WL 4797515, at *3 (D. Haw. Oct. 24,
21  2017) (quoting Smith v. Mylan Inc., 761 F.3d 1042, 1045 (9th Cir. 2014)).
22          Applying this requirement in a multi-defendant case, numerous courts have affirmed that
23  "defendants must consent to removal within the 30-day removal period of the last-served
24  defendant."  Lopez v. Weinig, 2020 WL 4192260, at *4 (C.D. Cal. July 17, 2020) (collecting
25  cases); Zambrano v. New Mexico Corr. Dep't, 256 F. Supp. 3d 1179, 1186 (D. N.M. 2017)
26  (remanding action for lack of compliance); Palmeira, 2017 WL 4797515, at *5 (same).  If a party
27  fails to seek removal within the 30 day period, then the court must remand the action because
28  "[t]he 30-day time limit is mandatory."  Hauss v. Home Depot USA, Inc., 2023 WL 5382164, at

*2 (E.D. Cal. Aug. 21, 2023).

Here, plaintiff provided proofs of service of summons confirming that all four defendants were served on the same day – August 13, 2024 – and by the same method – by personal delivery to an authorized agent of the CDCR. (ECF No. 4 at 3, 7-10.) Defendants S. McCambridge, M. Muslim, and G. Alvarez initially argued that they did not have actual notice of service on the CDCR. (ECF Nos. 8 at 2, 10 at 2.) In their subsequently filed declarations, however, these defendants confirm that the litigation coordinator emailed them a copy of the summons and complaint on August 16, 2024 (S. McCambridge, G. Alvarez), and August 19, 2024 (M. Muslim), establishing dates of each defendant's actual receipt of the summons and complaint. (ECF Nos. 13, 15.) These defendants did not challenge service of process, and were provided client representation letters by email on October 7, 2024.

Some courts hold that service on an agent designated by defendant for receipt of service starts the removal period running. Tech Hills II Assocs. v. Phoenix Home Life Mut. Ins. Co., 5 F.3d 963, 968 (6th Cir. 1993); see also Getty Oil Corp., a Div. of Texaco, Inc. v. Insurance Co. of North America, 841 F.2d 1254, 1262-63 (5th Cir. 1988); Hardy v. Square D Co., 199 F. Supp. 2d 676, 683-84 (N.D. Ohio 2002). Under this line of cases, each defendant was required to file a notice of removal, or join in defendant Martinez's notice of removal on or before September 12, 2024. See 28 U.S.C. § 1446(b) ("notice of removal . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise."). Only defendant E. Martinez filed a notice of removal within the thirty day deadline. Defendants S. McCambridge, M. Muslim, and G. Alvarez did not file their consent and joinder in defendant E. Martinez' notice of removal until October 4, 2024, outside the September 12, 2024 thirty day deadline.

This Court follows the approach taken by courts to commence the thirty day removal deadline from the date of actual receipt by the defendant, not the date of service of process on an agent. See Elliott v. Am. States Ins. Co., 883 F.3d 384, 390 (4th Cir. 2018) (where the plaintiff chooses to serve the defendant's statutory agent, the 30 day period does not commence until the defendant actually receives the summons and complaint from the agent.); Youren v. State Farm Mut. Auto. Ins. Co., 2014 WL 2772105, at *2 (D. Nev. June 18, 2014) ("Conditioning a

5

defendant's removal right on the actions of an agent who the defendant did not choose would place the defendant at the mercy of the diligence of the agent and the postal service," and finding 30 day period commenced upon actual receipt.); Ackerman v. PNC Pank, 2012 WL 3292889, at *2 (D. Minn. Aug. 13, 2012) ("The majority of courts to consider" when the removal period begins to run in cases where service is made on a statutory agent have held that the 30 day period "for removal commences when the defendant receives the summons and complaint.").

Following this approach, here, defendants S. McCambridge, G. Alvarez and M. Muslim did not have actual notice on August 13, 2024 when service was made on the authorized agent of the CDCR. As to actual receipt, as established by their declarations, defendants S. McCambridge and G. Alvarez received the summons and complaint via email on August 16, 2024, and defendant M. Muslim received the summons and complaint via email on August 19, 2024. (ECF Nos. 13, 15.) The mandatory 30-day statutory time period for removal is calculated from the last-served defendant based on the date of their actual receipt, which was defendant M. Muslim on August 19, 2024, making the 30-day deadline for removal September 18, 2024. Because defendants S. McCambridge, G. Alvarez and M. Muslim did not join in the notice of removal until October 4, 2024, their joinder is untimely and plaintiff's motion for remand should be granted.

D.  Belated Consent and Joinder in Removal Does Not Cure Timeliness Issue

Defendants also argue that any defect in the removal procedure is overcome by the consent and joinder filed by defendants S. McCambridge, M. Muslim, and G. Alvarez on October 4, 2024. In support, defendants cite Destfino v. Reiswig, 630 F.3d 952, 957 (9th Cir. 2011), which found "a district court may allow the removing defendants to cure the defect by obtaining joinder of all defendants prior to the entry of a judgment." Id.

However, as another district court explained in addressing a motion for remand similar to this one, "[c]ourts are split as to when a non-removing defendant's consent must be filed for it to be timely." Hauss, 2023 WL 5382164 at *2.

> Citing the Ninth Circuit's decision in Destfino v. Reiswig, 630 F.3d 952 (9th Cir. 2011), some courts have found the removing defendant can cure violation of the rule of unanimity by obtaining joinder or

> consent of all defendants after the removal period. See, e.g., Wang v. BB Wells Inv. Inc., No. 21-04624, 2022 WL 1165947, at *3 (C.D. Cal. Apr. 19, 2022) (collecting cases). In Destfino, the Ninth Circuit noted "the district court may allow the removing defendants to cure the defect by obtaining joinder of all defendants prior to the entry of judgment." 630 F.3d at 956-57. Others, however, have recognized Destfino was decided before the 2011 amendments to the removal statute and have found defendants cannot cure the procedural defect in question by obtaining consent after the 30-day removal period. See, e.g., Palmeira, 2017 WL 4797515, at *3, 6.

Id. "[T]he Ninth Circuit has not weighed in after the 2011 amendments to § 1446." Ray v. Dzogchen Shri Singha Found. USA, Inc., 2023 WL 3451987, at *3 (D. Or. May 15, 2023).

As plaintiff argued, Destfino was decided before the amendments to the removal statute became effective and codified the rule of unanimity. See Terteling v. Terteling, 2022 WL 9327714, at *4 (D. Idaho Oct. 14, 2022); see also Taylor v. Medtronic, Inc., 15 F.4th 148, 152 (2d Cir. 2021) ("When the rule of unanimity was a judge-made rule, courts could allow judge-made exceptions to that rule. But now we are limited to interpreting a clear statutory command from Congress that all defendants must consent to removal within thirty days of service.").

"Because the removal statute is strictly construed, and doubts regarding the court's jurisdiction are resolved in favor of remand," the district court in Hauss "join[ed] with district courts that have found the procedural defect in question cannot be cured after the 30-day removal period has run." Hauss, 2023 WL 5382164 at *2 (citing Lopez, 2020 WL 4192260, at *4). In Hauss, all of the defendants were served at the same time, and the consent to removal was filed after the thirty day deadline expired. Here, as in Hauss, all of the defendants were served at the same time, and the consent to removal filed by defendants S. McCambridge, G. Alvarez and M. Muslim was filed on October 4, 2024 after the thirty day deadline had expired.[1] Thus, this Court is persuaded that the consent and joinder in removal (ECF No. 7) was untimely and plaintiff's motion for remand should be granted.

---

[1] As described above, the Court follows the approach taken by courts to commence the thirty day removal deadline from the date of actual receipt by the defendant, using the last date of actual receipt by any defendant. Here, this sets the 30-day deadline to September 18, 2024, the latest possible date, rather than September 12, 2024 (if date of service on August 13, 2024 is used) or September 15, 2024 (if date of actual receipt on August 16, 2024 by two of the three defendants is used).

E. Leave to File Amended Notice of Removal

The Court finds that defendants' alternative request for leave to file an amended notice of removal is unavailing because the thirty day deadline to file a notice of removal has long expired.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to remand (ECF No. 4) should be granted; and

2. The Clerk of the Court should be directed to remand this action to the Sacramento County Superior Court, Case No. 24CV008509, and to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 4, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/gray2401.rem

8