UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID EARL GRAY, | No. 2:24-cv-2401-DJC-CSK P |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| LUPE ALVAREZ (F.M.), et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has moved to remand this matter to state court. (ECF No. 4.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 4, 2025, the Magistrate Judge filed Findings and Recommendations herein which were served on all Parties and which contained notice to all Parties that any objections to the Findings and Recommendations were to be filed within fourteen days. (ECF No. 16.) Defendants filed timely Objections to the Findings and Recommendations. (ECF No. 19.) Plaintiff subsequently filed Objections to Defendants' Objections. (ECF No. 20.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be

1

supported by the record and by proper analysis. Accordingly, the Court will adopt the Findings and Recommendations in full.

In particular, the Court agrees with the Magistrate Judge's finding that Defendants Alvarez, McCambridge, and Muslim's joinder in Defendant Martinez's removal was untimely. As the Magistrate Judge reasoned,

> [D]efendants S. McCambridge and G. Alvarez received the summons and complaint via email on August 16, 2024, and [D]efendant M. Muslim received the summons and complaint via email on August 19, 2024. The mandatory 30-day statutory time period for removal is calculated from the last-served defendant based on the date of their actual receipt, which was defendant M. Muslim on August 19, 2024, making the 30-day deadline for removal September 18, 2024. Because [D]efendants S. McCambridge, G. Alvarez and M. Muslim did not join in the notice of removal until October 4, 2024, their joinder is untimely and [P]laintiff's motion for remand should be granted.

(ECF No. 16 at 6.)

Defendants contest that their joinder was untimely, explaining that the litigation coordinator at Sacramento State Prison, Solano, did not receive the service of process for Defendants McCambridge, Alvarez, and Muslim until after they received the service of process for Defendant Martinez, and only emailed a courtesy copy of Defendant Martinez's service package to Defendants Alvarez, McCambridge, and Muslim on August 16 and 19, 2024. (ECF No. 19 at 2–3.) Thus, Defendants McCambridge, Alvarez, and Muslim argue they did not receive the service of process pertaining to *them* on those dates, which was insufficient to trigger the removal period. (*Id.*)

The Court disagrees. Section 1446 is clear that each defendant has "30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B). Under Federal Rule of Civil Procedure 4(e), a plaintiff may serve an individual by (1) following state law service requirements, or (2) effecting service by (A) delivering a copy of the summons and complaint to the individual personally, (B) leaving a copy of each "at the individual's

dwelling or usual place of abode," or (C) delivering a copy of each to an "agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e). Here, Plaintiff provided proofs of service of summons confirming that all four Defendants were served on the same day—August 13, 2024—by the same method—personal delivery to an authorized agent of the California Department of Corrections and Rehabilitation. (ECF No. 4 at 3, 7–10.) Defendants McCambridge, Alvarez, and Muslim also each attested that they received an email from the litigation coordinator on either August 16 or 19 stating that they were named in the lawsuit and attaching a copy of the summons and complaint directed to Defendant Martinez. (ECF Nos. 13, 15.) Thus, Defendants McCambridge, Alvarez, and Muslim were properly served and received actual notice of the action against them by August 19, 2024, at the latest. Accordingly, the Court agrees with the Magistrate Judge that those Defendant's joinder on October 4, 2024, was untimely.

The Court also agrees with the Magistrate Judge that the belated consent and joinder filed by Defendants McCambridge, Alvarez, and Muslim on October 4, 2024, did not cure the timeliness issue. (ECF No. 16 at 6–7.) As the Magistrate Judge noted, in *Destfino v. Reiswig*, 630 F.3d 952, 957 (9th Cir. 2011) the Ninth Circuit concluded that "a district court may allow the removing defendants to cure the defect [in the removal procedure] by obtaining joinder of all defendants prior to the entry of a judgment." (*Id.* at 6.) However, as the Magistrate Judge also noted, *Destfino* was decided before the 2011 amendments to the removal statute, 28 U.S.C. § 1446, became effective and codified the rule of unanimity that all defendants must consent to removal within 30 days of service. (*Id.* at 7.) Accordingly, "[b]ecause the removal statute is strictly construed, and doubts regarding the court's jurisdiction are resolved in favor of remand," the Magistrate Judge joined with other district courts that have found that procedural defects to removal cannot be cured after the 30-day removal period has run. (*Id.* (quoting *Hauss v. Home Depot USA, Inc.*, No. 2:23-cv-01138-KJM-JDP, 2023 WL 5382164, at *2 (E.D. Cal. Aug. 22, 2023)).)

1    Defendants argue some district courts have allowed procedural defects in
2 removal to be cured after the 30-day deadline even after the 2011 amendments,
3 citing *Reger v. Mountain Lifeflight Inc.*, No. 2:11-CV-03301-JAM, 2012 WL 1328128, at
4 *4 (E.D. Cal. Apr. 17, 2012) and *Smith v. Furniture Deals, Inc.*, No. 1:19-CV-1557 AWI
5 EPG, 2020 WL 429130, at *5 (E.D. Cal. Jan. 28, 2020).  (ECF No. 19 at 3–4.)  The Court
6 acknowledges that there appears to be a split of authority, as the Ninth Circuit has not
7 weighed in on this issue since *Destfino*.  That said, the Court does not find the cases
8 cited by Defendants to be persuasive, as they neither discuss the impact of the 2011
9 amendments, nor do they consider the approach adopted by other district courts.
10 Rather, this Court has surveyed the caselaw and agrees with the Magistrate Judge that
11 "[s]ince the unanimity rule has been codified, most courts strictly construe the statute
12 to require that any cure in a procedural defect must happen before the 30-day
13 removal period expires."  *Jarjour v. Nationstar Mortg. LLC*, No. 2:25-cv-29-BJR, 2025
14 WL 1106200, at *5 (W.D. Wash. Apr. 14, 2025) (collecting cases); *accord Hauss*, 2023
15 WL 5382164, at *2 (joining with other district courts that have found procedural
16 defects in removal cannot be cured after the 30-day removal period has run).  The
17 Court agrees, and adopts the reasoning in these cases.
18    Accordingly, IT IS HEREBY ORDERED that:
19    1. The Findings and Recommendations (ECF No. 16) are ADOPTED in full;
20    2. Plaintiff's Motion to Remand (ECF No. 4) is GRANTED; and
21    3. The Clerk of the Court is directed to remand this action to the Sacramento
22       County Superior Court, Case No. 24CV008509, and to close this case.

IT IS SO ORDERED.

Dated:  **July 14, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE